JANET M. HEROLD  
Regional Solicitor  
SUSAN SELETSKY  
FLSA Counsel  
DEMIAN CAMACHO (CSBN 286693)  
Trial Attorney  
UNITED STATES DEPARTMENT OF LABOR  
Office of the Solicitor  
350 S. Figueroa Street, Suite 370  
Los Angeles, California 90071  
Telephone: (213) 894-1594  
Facsimile: (213) 894-2064  
Email: camacho.demian@dol.gov  

Attorneys for Plaintiff, Thomas E. Perez,  
Secretary, United States Department of Labor

UNITED STATES DISTRICT COURT  
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor, <br><br>                              Plaintiff, <br>v. <br><br>**HIMANSHU BHATIA**, an individual, <br><br>                              Defendant. | **Case No.** <br><br><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT (FLSA)** <br>**(29 U.S.C. 201 et seq.)** |

1.  Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to enjoin Defendant Himanshu Bhatia ("Defendant Bhatia") from violating Sections 6, 15(a)(2), 15(a)(3), and15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29

U.S.C. §§ 206, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover amounts due under the FLSA to Sheela Ningwal ("Ms. Ningwal"), a former employee of Defendant Bhatia identified on the attached Exhibit A to this Complaint, consisting of unpaid wages and an equal amount as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c), and other damages.

2. Jurisdiction of this action is conferred upon the Court by FLSA Sections 16 and 17, 29 U.S.C. §§ 216, 217, and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as Plaintiff).

3. Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1391(b), as Defendant Bhatia resides in this district and a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

4. At all relevant times, Defendant Bhatia is and has been an individual residing in Orange County and doing business in this county as an employer of Ms. Ningwal. Defendant Bhatia, a sophisticated businessperson, is the CEO of Rose International, an IT staffing and consulting firm that had more than $357 million dollars in revenue in 2011. See The Top Female Executives Of The 2012 Fast Growth 100, http://www.crn.com/slide-shows/channel-programs/240007608/the-top-female-executives-of-the-2012-fast-growth-100.htm/pgno/0/7 (last visited Aug. 19, 2016).

5. At all relevant times, Defendant Bhatia is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in relation to Ms. Ningwal, in that Defendant Bhatia set Ms. Ningwal's wages, hours, and working conditions.

6. At all relevant times, Ms. Ningwal was entitled to the wages and other protections afforded by the FLSA in that, in the course of her employment for Defendant Bhatia, she was engaged in commerce or in handling, selling, or otherwise working on goods or materials, which have been moved in or produced for commerce, including cleaning equipment and supplies, and food products.

7. Defendant Bhatia has willfully and repeatedly violated FLSA Sec-

tions 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2), by employing employees engaged in commerce or in the production of goods for commerce, or in handling, selling or otherwise working on goods or materials, which have been moved in or produced for commerce, within the meaning of the FLSA, at wage rates less than the applicable minimum wage rates.

8. During the period since July 10, 2012, Ms. Ningwal has worked as a live-in domestic service worker for Defendant Bhatia, performing duties such as cooking, serving, cleaning, laundry washing, ironing, pet grooming, dog walking, and general household chores. Ms. Ningwal primarily performed these duties at Defendant Bhatia's San Juan Capistrano residence as well at Defendant Bhatia's mansions and luxury penthouse condominiums in Las Vegas, Long Beach, and Miami. Always at Defendant Bhatia and her family's beck and call, Ms. Ningwal was required to work an average of fifteen and a half hours a day seven days a week. Defendant Bhatia paid Ms. Ningwal a fixed monthly salary of $400 a month, regardless of the number of hours actually worked by Ms. Ningwal, with food and housing also provided. This arrangement resulted in an hourly wage rate which fell grossly below the statutorily mandated minimum wage, in violation of FLSA Sections 6 and 15(a)(2), 29 U.S.C. §§ 206 and 215(a)(2).

9. Defendant Bhatia has willfully and repeatedly violated FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), by misrepresenting, obfuscating, and obstructing Ms. Ningwal's ability to learn of her status as an employee and her rights under the FLSA, as well as by terminating Ms. Ningwal when Ms. Ningwal tried to vindicate her rights under the FLSA.

10. During the period since July 10, 2012, Defendant Bhatia not only grossly underpaid Ms. Ningwal, but also subjected her to callous abuse, and retaliated against her in violation of FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3). For example, whenever Ms. Ningwal was ill, Defendant Bhatia forced Ms. Ningwal to sleep in the garage on a piece of carpet, alongside Defendant Bhatia's dogs who slept on a mattress, be-

cause Defendant Bhatia did not want her or her family exposed to Ms. Ningwal's illness. Often Defendant Bhatia and her family would leave their residence for days and would neglect to leave any food for Ms. Ningwal, who depended on Defendant Bhatia for food and transportation. Additionally, Defendant Bhatia confiscated Ms. Ningwal's passport, thereby restricting Ms. Ningwal's free movement, and only made it available to Ms. Ningwal when Defendant Bhatia needed Ms. Ningwal to travel and perform domestic service duties at Defendant Bhatia's penthouse in Miami. Lastly, Defendant Bhatia terminated Ms. Ningwal on two occasions, each time as a result of Ms. Ningwal trying to vindicate her labor rights. Defendant Bhatia first terminated Ms. Ningwal in July 2014, after Ms. Ningwal asked that she be paid money that Defendant Bhatia owed her. Angered by this request, Defendant Bhatia terminated and kicked Ms. Ningwal out of her home—leaving Ms. Ningwal temporarily homeless at a nearby motel—only to rehire Ms. Bhatia about a week later. Defendant Bhatia terminated Ms. Ningwal again, in December 2014, after catching Ms. Ningwal researching online the topic of "labor laws" and after Ms. Ningwal refused to sign a document Defendant Bhatia authored, stating that Ms. Ningwal was being paid an adequate salary and had no employment dispute with Defendant Bhatia.

11. Defendant Bhatia has willfully and repeatedly violated FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve accurate records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA, published in the Federal Register, and known as Title 29, Code of Federal Regulations, Part 516.

12. During the period since July 10, 2012, Defendant Bhatia did not maintain and preserve records to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek, and the amounts paid, thereby depriving, interfering, and impeding the ability of Ms. Ningwal, and, derivatively, the Secretary, to detect, identify, and have notice of the underpayment of

the minimum wage due to Ms. Ningwal under the FLSA.

  13. (a) During the relevant statutory period, Defendant Bhatia repeatedly violated the above-described provisions of the FLSA;

    (b) Defendant Bhatia's violations of FLSA Sections 6, 11, and 15 are willful in nature;

    (c) As a result of these FLSA violations, there is unpaid minimum wage compensation being withheld by Defendant Bhatia;

    (d) Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

    (e) Judgment enjoining and restraining any continued withholding of unpaid minimum wage compensation due under the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

    (f) Judgment awarding unpaid back wages due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA Section 16(c), 29 U.S.C. § 216(c);

    (g) Defendant Bhatia's willful and repeated violations of FLSA Section 15(a)(3), 29 U.S.C. § 215(a)(3), including the confiscation of Ms. Ningwal's passport, the requirement that Ms. Ningwal sleep on the floor of the garage with Defendant Bhatia's dogs when ill, the deprivation of food, and the terminations, caused Ms. Ningwal to work and live in servitude, without any understanding of her rights as an employee or ability to adequately enforce her rights, since Ms. Ningwal's attempts to enforce her rights resulted not only in the loss of her employment, but of food and shelter.

  WHEREFORE, cause having been shown, the Secretary prays for a Judgment against Defendant Bhatia as follows:

  (a) For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, perma-

nently enjoining and restraining Defendant Bhatia, her officers, agents, servants, employees, and those persons in active concert or participation with Defendant Bhatia from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

    (b)    For an Order:

        (1)    pursuant to Section 16 of the Act, 29 U.S.C. § 216, finding Defendant Bhatia liable for wages lost as a result of Defendant Bhatia's violations of Section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), plus an additional equal amount in liquidated damages; other compensatory damages; punitive damages; and any other legal or equitable relief deemed necessary or appropriate to remedy Defendant Bhatia's unlawful retaliation.

        (2)    pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendant Bhatia liable for unpaid minimum wage compensation and liquidated damages equal in amount to the unpaid compensation found due Defendant Bhatia's employee for the relevant statutory period (additional back wages and liquidated damages may be owed to certain employees presently unknown to the Secretary for the period covered by this Complaint); or in the event liquidated damages are not awarded;

        (3)    pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendant Bhatia, her officers, agents, servants, employees and those persons in active concert or participation with Defendant Bhatia, from withholding payment of unpaid back wages found to be due Defendant Bhatia's employee for the relevant statutory period;

    (c)    For an Order awarding the Secretary the costs of this action; and

    (d)    For an Order granting such other and further legal and equitable relief as may be necessary or appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection, of the violations of the Act by the Secretary due to Defendant Bhatia's repeated and willful violation of FLSA Section 15(a)(3) and failure to maintain complete, accurate, or full rec-

ords, as required by 29 U.S.C. §§ 211(c) and 215(a)(5) of the Act, and other practices identified in this Complaint.

DATED: August 22, 2016

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
FLSA Counsel

By:

*/s/ Demian Camacho*
DEMIAN CAMACHO
Trial Attorney

Attorneys for Plaintiff
United States Department of Labor

# EXHIBIT A

1. Ningwal, Sheela