JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
FLSA Counsel
DEMIAN CAMACHO (CSBN 286693)
Trial Attorney
BORIS ORLOV (CSBN 223532)
Senior Trial Attorney
UNITED STATES DEPARTMENT OF LABOR
Office of the Solicitor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
Telephone: (213) 894-1594
Facsimile: (213) 894-2064
Email: camacho.demian@dol.gov

Attorneys for Plaintiff, Edward C. Hugler,
Acting Secretary, United States Department of
Labor

JS-6

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD C. HUGLER,** Acting Secretary of Labor, United States Department of Labor,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>**HIMANSHU BHATIA**, an individual,<br><br>　　　　　　　　　Defendant. | **Case No. 16-cv-01548-JVS-JCGx**<br><br>**CONSENT JUDGMENT** |

　　　Plaintiff EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendant HIMANSHU BHATIA ("Mrs.

**CONSENT JUDGMENT & ORDER**

Bhatia"), an individual, have agreed to resolve all claims alleged in the Complaint pending before the U.S. District Court, Central District of California, Case No. 8:16-cv-01548-JVS-JCG ("Complaint"), and hereby consent to the entry of this Consent Judgment as follows:

## I. **STATEMENT BY THE PARTIES**

A. The Secretary has filed a Complaint alleging that Mrs. Bhatia violated Sections 6, 11, and 15 of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§ 206, 211, and 215.

B. Mrs. Bhatia filed an Answer to the Complaint asserting affirmative defenses and denying the allegations.

C. The parties agree that Mrs. Bhatia was Sheela Ningwal's ("Ms. Ningwal") sole employer between July 2012 - December 2014.

D. This Consent Judgment provides not less than full FLSA minimum wage recovery for all hours worked by Ms. Ningwal, as alleged in the Secretary's Complaint, between July 2012 – December 2014.

E. This Consent Judgment resolves all claims in the Secretary's Complaint and the Department of Labor's investigation regarding Ms. Ningwal's employment with Mrs. Bhatia.

F. The Secretary and Mrs. Bhatia waive Findings of Fact and Conclusions of Law.

G. Mrs. Bhatia admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Central District of California.

H. Mrs. Bhatia agrees to the entry of this Consent Judgment.

I. Mrs. Bhatia acknowledges that she understands the provisions of this Consent Judgment.

J. Mrs. Bhatia admits that she was an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in relation to Ms. Ningwal, a former live-in domestic service worker of Mrs. Bhatia identified on the attached Exhibit A.

## II. **JUDGMENT**

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

1. **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Mrs. Bhatia, is enjoined and restrained from violating Sections 6 (minimum wage), 11(c) (record-keeping), and 15(a)(3) (anti-discrimination), of the FLSA, 29 U.S.C. §§ 206, 211(c), and 215 (a)(3).

2. IT IS FURTHER ORDERED AND ADJUDGED that Mrs. Bhatia shall pay to the Secretary the gross sum of $54,348 as wages, agreed to by the Parties pursuant to a settlement and, therefore, found due pursuant to this Consent Judgment, plus the additional gross sum of $54,348, as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c), and gross sum $26,304 as damages; and, further

JUDGMENT IS HEREBY ENTERED in the amount of $135,000 against Mrs. Bhatia and in favor of the Secretary.

3. The provisions of paragraph 4 of this Consent Judgment will be deemed satisfied when, within fifteen (15) calendar days of the entry by the Court of this Consent Judgment, Mrs. Bhatia delivers to the Wage and Hour Division, 550 West "C" Street, Suite 990, San Diego, CA 92101, Attention: Evelyn Sanchez, Assistant District Director, the following:

   a. A cashier's check or money order in the amount of $54,348, payable to "Sheela Ningwal or Wage and Hour-DOL," with "Wages-Bhatia" noted on the subject line;

   b. A cashier's check or money order in the amount of $54,348, payable to "Sheela Ningwal or Wage and Hour-DOL," with "Liquidated Damages-Bhatia" noted on the subject line;

**CONSENT JUDGMENT & ORDER**

    c. A cashier's check or money order in the amount of $26,304, payable to "Sheela Ningwal or Wage and Hour-DOL" with "Damages-Bhatia" noted on the subject line;

4. In the event of any default in the timely making of any payment due under this Consent Judgment, the full amount which then remains unpaid, plus interest at the rate of 10% per year, on the outstanding amount, will be due and payable. A default will be deemed to occur if Mrs. Bhatia is more than 5 working days late in making the payments due under this Judgment.

5. The Secretary shall distribute the remittances due under this Consent Judgement to Mrs. Ningwal, or her estate, in the Secretary's discretion, and any money not so paid within a period of 3 years from the date of its receipt, because of an inability to locate the proper person or because of her refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

6. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any period not referenced therein.

7. Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding.

8. Nothing in this Consent Judgment & Order is binding on any governmental agency other than the United States Department of Labor, Wage and Hour Division.

9. Neither this action nor the resolution of this action through this Consent Judgment in any way affects any claims by Ms. Ningwal not alleged in the Complaint, including their statute of limitations.

///

**CONSENT JUDGMENT & ORDER**

10. The Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Judgment.

Dated: April 11, 2017

Honorable James V. Selna
United States District Court Judge

**CONSENT JUDGMENT & ORDER**

Dated: April 10, 2017

NICHOLAS C. GEALE
Acting Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Chief FLSA Counsel

By: _____
DEMIAN CAMACHO
Trial Attorney
Attorneys for Plaintiff, U.S. Secretary of Labor

Dated: April 10, 2017

R. BRIAN DIXON
CONNIE L. MICHAELS
LITTLER MENDELSON

_Connie L. Michaels_
Attorneys for Defendant

Dated: April 10, 2017

MOHAMMAD KHAN
CHUGH LLP

_____
Attorneys for Defendant

Dated: April 10, 2017

HIMANSHU BHATIA

_____
Defendant

**CONSENT JUDGMENT & ORDER**

**EXHIBIT A**

1. Sheela Ningwal

**CONSENT JUDGMENT & ORDER**